**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Benjamin HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1998.

Filed Oct. 5, 1998.

Robert C. Patterson, Easton, for appellant.

Mark S. Refowich, Asst. Dist. Atty., Easton, for the Com., appellee.

Before POPOVICH, FORD ELLIOTT and SCHILLER, JJ.

SCHILLER, Judge.

Benjamin Harris appeals from the judgment of sentence entered in the Court of Common Pleas of Northampton County sentencing him to incarceration for a term of 24 to 60 months after his conviction on various drug charges. We affirm appellant's conviction, but vacate the sentence and remand for resentencing in accordance with this memorandum.

## FACTS:

On August 22, 1996, the Police Department in Easton, Pennsylvania sent an undercover officer into a local bar to make a controlled buy of drugs. The officer was given a twenty dollar bill[1] to purchase the drugs, and ten dollars to buy beer. Before the money was given to the officer, a xerox copy of the twenty dollar bill was made by the police.

Upon entering the bar sometime after 10:00 p.m., the officer sat two seats from appellant. Appellant gestured to the officer; he then asked the officer to buy him a beer. They began discussing a drug transaction. Appellant produced a bag of white powdery substance which he said would cost forty dollars. The officer said he had only twenty. Appellant produced a second smaller bag. After negotiating, appellant agreed to take the twenty dollars and the remaining change from the beer for the drugs. The officer left the bar and advised a waiting detective of his buy. They immediately reentered the bar, arrested appellant, and during the subsequent search recovered the twenty dollar bill.[2]

Appellant was charged with possession of a controlled substance,[3] possession with the intent to deliver,[4] and delivery.[5] A jury trial

1. Funds for this purpose were supplied to the Police Department by the Northampton County District Attorney's Office.

2. Upon returning to the police station, the detective tested the substance using the Sirchie Narc 100 field test, and found that it was presumptively cocaine. This finding was confirmed by the State Police Laboratory which identified .29 grams of cocaine. N.T., February 12, 1996, pp. 98–99.

3. 35 P.S. § 780–113(a)(16)

4. 35 P.S. § 780–113(a)(30)

5. 35 P.S. § 780–113(a)(30)

was held on February 12, 1997. Appellant was convicted on all charges. Sentencing was deferred pending a pre-sentence report limited to appellant's prior record. On February 26, 1997, appellant was sentenced to a term of 10 to 24 months incarceration for his conviction on possession, and two terms of 24 to 60 months incarceration for his convictions on possession with intent to deliver and delivery: all sentences to be served concurrently for an aggregate of 24 to 60 months. This appeal followed.

DISCUSSION:

Appellant now raises the following issues: 1) whether the trial court committed reversible error in admitting into evidence both a photocopy of the $20 bill and oral testimony as to its identification and serial number; and 2) whether the trial court imposed an excessive sentence?

█ Appellant's first claim is that the trial court violated the "best evidence" rule because it admitted into evidence a photocopy of the twenty dollar bill used to purchase cocaine from appellant, and then allowed the detective/witness to testify that the bill retrieved from appellant matched the bill in the photocopy. He asserts that the evidence was relevant to the material issue of whether the officer made a drug transaction with appellant and whether the $20.00 bill found on appellant was the same bill given to the officer before entering the bar. Appellant's Brief p. 7.

█ At the outset, we note that evidentiary rulings are committed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of that discretion. *Commonwealth v. Cohen,* 529 Pa. 552, 563, 605 A.2d 1212, 1218 (1992). As recently explained by this Court:

The "best evidence" rule limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is

shown to be unavailable through no fault of the proponent. McCormick, *Evidence* 560 (2nd ed.1972). The Pennsylvania courts use the "best evidence" rule when the contents of documentary evidence are at issue. *Ledford v. Pittsburgh & Lake Erie R.R. Co.,* 236 Pa.Super. 65, 345 A.2d 218 (1975). The best evidence rule is controlling only if the terms of a writing *must* be proved to make a case or provide a defense. McCormick, *supra.*

*Commonwealth v. Lewis,* 424 Pa.Super. 531, 623 A.2d 355, 357 (1993), *quoting Warren v. Mosites Construction Company,* 253 Pa.Super. 395, 385 A.2d 397 (1978) (emphasis in original). When the contents of a document are not at issue and the matter to be proved exists independently of the writing, and can be satisfactorily established by parol evidence, the latter is equally primary. *Commonwealth v. Pollack,* 174 Pa.Super. 621, 101 A.2d 140 (1953).

At trial the Commonwealth presented three witnesses; the undercover officer, the detective who oversaw the "sting" operation, and the expert from the Regional Crime Laboratory who established that the substance purchased was cocaine.[6] The undercover officer identified appellant,[7] and testified, in detail, to the steps leading to his purchase of the packet of cocaine from him. He was also shown a photocopy of a twenty dollar bill.[8] He identified the exhibit as a copy of the real bill given to him by the detective to make his drug purchase, but said he did not know the serial number. On cross, the officer gave the following response when appellant's counsel asked him to read the notation on the photocopy:

The above $20 bill was used for undercover buy of cocaine by Officer Shawn Maloney. Actor was Benjamin Harris. It has the date, time and location.

N.T. February 12, 1996, p. 64. The detective then testified about the planning of the operation, stating that prior to giving the twenty dollar bill to the undercover officer, he photo-

---

6. Appellant presented no witnesses.

7. The undercover officer noted in particular that appellant was the only man in the bar with a shaved bald head.

8. The copy was marked as Commonwealth Exhibit 1, over the objection of appellant's counsel, and *subsequently* admitted into evidence.

**1052**

copied the bill to have an accurate record of its serial numbers. After identifying appellant as the man he arrested, the detective testified that he removed a twenty dollar bill from appellant while searching him. He immediately compared the bill to the photocopy which he had kept with him, and found it to be the same. Subsequently, he testified that the original bill was returned to the county fund used for drug buys. N.T. February 12, 1996, p. 96.

The material issues in this case were whether appellant knowingly possessed and delivered a controlled substance. 35 P.S. § 780–113(a)(16), (30). The Commonwealth clearly made out its case with the testimony of the undercover officer who identified appellant as the individual who sold him the substance identified as cocaine. The testimony about the twenty dollar bill, specifically, the serial number, was mere cumulative evidence, corroborating a crime which had already been established. In these circumstances, where the "contents of the documentary evidence" (i.e. the writing on the bill) were not at issue, the best evidence rule does not apply, and the trial court did not abuse its discretion in admitting the photocopy of the marked twenty dollar bill[9] or the oral testimony.

■ Appellant's second claim is that the trial court abused its discretion by sentencing appellant outside the sentencing guidelines and failing to state on the record valid reasons for doing so. Specifically, appellant argues that the sentencing court's rationale for deviating from the guidelines was improper. Such a claim raises a substantial question,[10] *Commonwealth v. Widmer*, 446

Pa.Super. 408, 667 A.2d 215 (Pa.Super.1995), and, therefore, merits our review.

■ Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Anderson*, 381 Pa.Super. 1, 552 A.2d 1064 (Pa.Super.1988), *appeal denied*, 524 Pa. 616, 571 A.2d 379 (1989). "A sentence may be set aside even where it is within the statutory guidelines, where appropriate reasons for the sentence imposed do not appear on the record." *Commonwealth v. Gaskin*, 325 Pa.Super. 349, 472 A.2d 1154 (Pa.Super.1984). Furthermore, a sentence may be found invalid if it appears from the record that the trial court relied in whole or in part on an impermissible factor. *Id.*

In the instant case, appellant was convicted on 3 drug related charges on February 12, 1996. Sentencing was deferred until February 26, 1996, so that the county probation department could draw up a report on appellant's prior record score. On that date, the court sentenced as follows:

At Number 2205 of 1996, on the felony charge of Delivery of Cocaine, I order that you undergo a period of confinement in a state facility for a period of no less than 24, no more than 60 months.

On the Possession with Intent to Deliver Cocaine, I order that you undergo a concurrent period of confinement no less than 24, nor more than 60 months. On the Possession of Cocaine charge, I order that you undergo a concurrent period of confinement for a period of no less than 10 nor more than 24 months in the state facility.

9. Because we find that the best evidence rule was not applicable, we do not address the issue of whether the Commonwealth offered a satisfactory explanation for failing to produce the original bill. Clearly, in this instance where the terms of the writing were not necessary to proof of the crime, secondary evidence was admissible and the rationale was adequate.

10. Because appellant has raised an issue with regard to the discretionary aspects of his sentence, he does not have an appeal as of right. 42 Pa.C.S. § 9781(b); *Commonwealth v. Scullin*, 414 Pa.Super. 442, 607 A.2d 750, 752 (Pa.Super.1992), *appeal denied*, 533 Pa. 633, 621 A.2d 579 (1992). He must meet two requirements

before his challenge to the judgment of sentence will be heard on the merits. *Commonwealth v. Koren*, 435 Pa.Super. 499, 503, 646 A.2d 1205, 1207 (1994). Herein appellant has met both criteria by setting forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Pa.R.A.P. 2119(f) and showing "that there is a substantial question that the sentence imposed is not appropriate under this chapter." 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 513, 522 A.2d 17, 20 (1987); *Commonwealth v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (Pa.Super.), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995).

These sentences are concurrent with each other and among themselves. They are a departure above the guidelines because there are multiple concurrent sentences. You're also to pay costs of prosecution.

N.T., February 26, 1996, p. 7. The sentencing guideline sheet in the record also bears the notation "multiple concurrent sentences." [11] What the record fails to indicate, and appellant asserts is error, is the fact that for sentencing purposes appellant's three convictions merge. Thus, a departure from the guidelines cannot be premised on "multiple concurrent sentences." We are constrained to agree with appellant.

 In Pennsylvania, the merger doctrine limits the multiplicity of sentences which may be handed down for crimes which in effect constitute a single crime. *Commonwealth v. Swavely*, 382 Pa.Super. 59, 554 A.2d 946 (Pa.Super.1989), *appeal denied*, 524 Pa. 619, 571 A.2d 382 (1989). As this Court pointed out in *Commonwealth v. Eicher*, 413 Pa.Super. 235, 605 A.2d 337 (Pa.Super.), *appeal denied*, 533 Pa. 598, 617 A.2d 1272 (1992), the doctrine applies when the charges at issue arise out of the same transaction and are premised on the same set of facts:

> ... the crime of simple possession [of a controlled substance] merges with the offense of possession with the intent to deliver. *See Commonwealth v. Logan*, 404 Pa.Super. 100, 103 n. 4, 590 A.2d 300, 301 n. 4 (1991), *allocatur denied*, 528 Pa. 622, 597 A.2d 1151 (1991) *and Commonwealth v. Swavely*, 382 Pa.Super. 59, 66 n. 3, 554 A.2d 946, 949 n. 3 (1989) *allocatur denied*, 524 Pa. 619, 571 A.2d 382 (1989). The crime of possession with the intent to deliver similarly has been recognized to be a lesser included offense of the crime of delivery of a controlled substance. *Commonwealth v. Edwards*, 302 Pa.Super. 522, 524, 449 A.2d 38,39 (1982).

*Commonwealth v. Eicher, supra* at 353. Here all the charges against appellant stem only from the drugs he sold to the undercover officer. Thus, there is no doubt that appellant's convictions merged for sentencing and the trial court relied on an inappropriate reason for sentencing outside the guidelines. Therefore, we are compelled to vacate the sentence and remand for resentencing.

CONCLUSION:

The trial court did not abuse its discretion in admitting into evidence the photocopy of the twenty dollar bill because the best evidence rule did not apply when the contents of the documentary evidence were not at issue, and the photocopy was mere cumulative evidence. However, we are compelled to vacate appellant's sentence because his convictions merged for sentencing, and the trial court improperly relied on appellant's "multiple concurrent sentences" as a reason for sentencing him outside the sentencing guidelines.

Consequently, appellant's convictions are affirmed; however, his sentence is vacated and this matter is remanded to the Court of Common Pleas of Northampton County for resentencing.

tence was 12–18 months and the aggravated range was 21 months.

---

**11.** The guideline sheet also indicates that given appellant's prior record score of 3 and the offense gravity score of 6, the standard range sen-