J-S96007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAKISHA MADISON, | |
| Appellant | No. 1956 WDA 2015 |

Appeal from the Judgment of Sentence Entered November 18, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0002028-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 3, 2017**

Appellant, Takisha Madison, appeals from the judgment of sentence of court costs, with no further penalty, imposed after she was convicted, following a non-jury trial, of one count of retail theft, 18 Pa.C.S. § 3929(a)(1).  After careful review, we affirm.

In September of 2015, a Magisterial District Judge convicted Appellant of retail theft and sentenced her to pay the costs of prosecution.  Appellant appealed her conviction to the Allegheny County Court of Common Pleas. On November 18, 2015, a trial *de novo* was conducted, at which Appellant represented herself.  The trial court summarized the evidence presented at that trial, as follows:

> Andre Mitchell testified for the Commonwealth.  Mr. Mitchell was a loss prevention officer for Gabriel Brothers for 21 years.  On July 1, 2015, a bag-check was performed on all the employees, including [Appellant,] since she was an employee of

Gabriel Brothers. Merchandise from the store was found inside [Appellant's] bag. The merchandise [items] that [were] found in [her] bag did not have tags on them. The tags were subsequently found in [a] trash [can in the area of the store] where [Appellant] worked. [A] video showed [Appellant's] exiting the warehouse with the merchandise, walking into the fitting room, coming out and throwing the tags in the trash [can]. Mr. Mitchell received the tags from the trash [can] and matched the tags to the merchandise that was found inside of [Appellant's] bag. Mr. Mitchell did not see [Appellant] put the items into her bag.

Initially, [Appellant] told Mr. Mitchell that she had bought the merchandise from the store during the week before. Mr. Mitchell checked the prior week's purchases and the cameras, finding that [Appellant's purported purchases] did not show up … but the cameras showed [Appellant] with the merchandise. [Appellant] was taken into [an] interview room, where she remained for about 45 minutes. [] During the 45 minutes in the interview room, Mr. Mitchell interviewed [Appellant] and [she] admitted that she took the merchandise and she wrote a statement admitting it. [Appellant] made a general objection to the … admission [of the statement], saying she was threatened and held for five hours, but the [c]ourt admitted the statement into evidence, since the [c]ourt found her testimony unbelievable. The value of the merchandise was $50.96.

Trial Court Opinion (TCO), 10/28/16, at 1-2 (unnumbered; citations to the record omitted).

Based on this evidence, the trial court convicted Appellant of retail theft and sentenced her to pay the costs of prosecution, without further penalty. Appellant filed a timely, *pro se* notice of appeal. The court then ordered her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. While Appellant filed a *pro se* motion for an extension of time within which to file her Rule 1925(b) statement, the trial court never ruled on that motion, and Appellant did not file any concise

statement. On May 3, 2016, an attorney from the Office of the Public Defender of Allegheny County entered his appearance on Appellant's behalf with this Court, and filed an application for relief, requesting that we remand for Appellant to file a Rule 1925(b) statement *nunc pro tunc*. This Court ultimately granted counsel's request and remanded Appellant's case to the trial court for her to file a *nunc pro tunc* Rule 1925(b) statement, and for the court to prepare a responsive opinion. **See** Per Curiam Order, 5/23/16. Upon remand, Appellant filed her concise statement, and the court issued an opinion on October 28, 2016.

Herein, Appellant raises three issues for our review:

1. Is Appellant's [r]etail [t]heft conviction void *ab initio* due to the absence of subject matter jurisdiction for any court in the Commonwealth of Pennsylvania?

2. Should Appellant receive a new trial due to the violation of the Best Evidence Rule that occurred when the prosecutor's sole witness was permitted to testify, over objection, to observations made based on an after-the-fact viewing of a videotape rather than based on his own personal contemporaneous observations?

3. Should Appellant receive a new trial due to the trial court's error in eliciting from her, via its *sua sponte* questioning of her, of the fact that she had previously been convicted of a non-theft offense?

Appellant's Brief at 3.

In Appellant's first issue, she claims that the Court of Common Pleas of Allegheny County (and/or any court in this Commonwealth) lacked subject matter jurisdiction over her case because the specific location of her crime was never established. This argument is meritless. Our Court has stated:

- 3 -

> The locus of a crime is always in issue, for a court has no jurisdiction of the offense unless committed in the county where tried. Usually the question is not specifically raised but, in such case, **the conviction of a defendant is conclusive that the crime was committed where laid in the indictment, for a verdict of guilt includes such finding.** Accordingly[,] even where the charge is murder[,] although some evidence of the locality of the crime should be adduced[,] … **if the place of its commission is not disputed, the defect is cured by [a] verdict of guilty.**

*Commonwealth v. Tarsnane*, 85 A.2d 606, 607 (Pa. Super. 1952) (internal citations and quotation marks omitted; emphasis added).

Here, the criminal complaint filed against Appellant stated that she was accused of "violating the penal laws of the Commonwealth of Pennsylvania at Gabriel[] Brothers *in Allegheny County* on or about July 1, 2015." *See* Private Criminal Complaint, 7/20/15, at 1 (Docket Entry 1; emphasis added; unnecessary capitalization omitted). Appellant never disputed that her crime was committed in Allegheny County and, thus, the court's verdict necessarily found that fact to be true. *See Tarsnane, supra*. Moreover, contrary to Appellant's argument on appeal, the Commonwealth did present evidence regarding the location of her crime. For instance, Andre Mitchell's testimony established that Appellant's crime was committed at the Gabriel Brothers store where he and Appellant both worked. *See* N.T. Trial, 11/18/15, at 3, 5. The Commonwealth also entered into evidence the "Admission Statement" completed by Appellant, in which she conceded that she "took [three] dresses" from the Gabriel Brothers store in the "North Hills." *See* Admission Statement, 7/2/15. Based on this

record, we conclude that Appellant's challenge to the jurisdiction of the Court of Common Pleas of Allegheny County is meritless.

Appellant next argues that the Commonwealth violated the 'Best Evidence Rule.'[1] This Court has explained:

> The "Best Evidence Rule," as articulated by the common law, very literally only pertained to writings or other documentary evidence. As our Court has described the common-law rule in a prior case:
>
> > The "best evidence" rule limits the method of proving the terms of a writing to the presentation of the original writing, where the terms of the instrument are material to the issue at hand, unless the original is shown to be unavailable through no fault of the proponent. The Pennsylvania courts use the "best evidence" rule when the contents of documentary evidence are at issue. The best evidence rule is controlling only if the terms of a writing must be proved to make a case or provide a defense.
>
> ***Commonwealth v. Harris***, 719 A.2d 1049, 1051 (Pa. Super. 1998).

---

[1] Initially, we note that:

> The admission of evidence is solely within the discretion of the trial court, and a trial court's evidentiary rulings will be reversed on appeal only upon an abuse of that discretion. An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Woodard***, 129 A.3d 480, 494 (Pa. 2015) (internal citations and quotation marks omitted).

However, the Pennsylvania Rules of Evidence have expanded the scope of the common-law rule by applying it to other forms of evidence such as recordings and photographs. The common-law rule has been incorporated into and amplified by Pennsylvania Rule of Evidence 1002[,] which provides:

> To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules, by other rules prescribed by the Supreme Court, or by statute.

Pa.R.E. 1002.[2]

Nevertheless Rule 1002 is applicable only in circumstances where the contents of the writing, recording or photograph are integral to proving the central issue in a trial. *See* Pa.R.E. 1004(4) ("The original is not required, and other evidence of the contents of a writing, recording or photograph is admissible if: The writing, recording, or photograph is not closely related to a controlling issue.")[.] Consequently, if the Commonwealth is introducing a writing, recording, or photograph at trial, **Rule 1002 requires that the original be introduced only if the Commonwealth must prove the contents of the writing, recording or photograph to establish the elements of its case.** *Commonwealth v. Townsend*, 747 A.2d 376, 380 (Pa. Super. 2000)…; *Harris, supra*, 719 A.2d at 1052.

*Commonwealth v. Fisher*, 764 A.2d 82, 87-88 (Pa. Super. 2000) (some

internal citations omitted; emphasis added).

_____

[2] An amended version of Rule 1002 became effective in March of 2013. The current rule (which applied at the time of Appellant's trial) states: "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002.

In the present case, the Commonwealth argues, and we agree, that the videotape was not required to prove the elements of retail theft. *See* Commonwealth's Brief at 10. That offense is defined as:

**(a) Offense defined.--**A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

18 Pa.C.S. § 3929(a)(1).

At Appellant's trial, the Commonwealth presented sufficient evidence - aside from Mitchell's testimony about what he viewed on the videotape - to prove the elements of this offense. Specifically, Mitchell testified that he personally observed "merchandise from the store" inside Appellant's purse. N.T. Trial at 5. Mitchell stated that the items did not have tags on them, and when he checked the store's purchase records, he found no entry for that merchandise.[3] *Id.* at 5, 8. He further testified that he interviewed Appellant and she completed an Admission Statement. *Id.* at 7. In that statement, Appellant confessed that she "took 3 dresses [and] 2 pairs of shoes [and] put them in [her] bag an[d] walk[ed] towards the door where

---

[3] Appellant did not argue at trial, and does not assert on appeal, that the Best Evidence Rule also required that the Commonwealth present the original purchase records from the store.

Security was checking bags." Admission Statement, 7/2/15. Because Mitchell's testimony about his own observations, and Appellant's admitting to taking the merchandise, were sufficient to prove the elements of retail theft, the Commonwealth was not required to present the cumulative evidence of the video recording.[4] Consequently, the Best Evidence Rule was not violated.

In Appellant's third and final issue, she claims that the trial court erred by questioning her in such a manner that elicited improper testimony about her prior convictions. Specifically, Appellant takes issue with the following exchange between her and the court:

> [Appellant]: I'm being accused of taking something that was already mine. I worked at Gabe's and I'm not going to be labeled a thief.
>
> THE COURT: You don't have any criminal record?
>
> [Appellant]: **Not for what I'm being accused of.**
>
> THE COURT: You said you don't want to be labeled a thief. Do you have a record of being a thief?

---

[4] We note that Appellant contends that her "alleged confession would have been subject to exclusion via the *corpus delecti* rule." Appellant's Brief at 32. As Appellant acknowledges, the *corpus delecti* rule "prohibits the conviction of a criminal defendant on the basis of his statements alone and requires that the crime be corroborated by independent evidence." *Id.* at 32 n.16 (quoting **Commonwealth v. Crosby**, 791 A.2d 366, 371 (Pa. 2002)). While Appellant essentially suggests that there was no evidence corroborating her confession aside from the videotape, our discussion *supra* clearly defeats this claim. Again, Mitchell saw tag-less merchandise in Appellant's bag, and the purchase records of the store showed that those items had not been bought. Because this independent evidence corroborated Appellant's confession, the *corpus delecti* rule is inapplicable.

[Appellant]: No, I do not, Your Honor.

THE COURT: Are you sure?

[Appellant]: Yes.

THE COURT: I can look it up.

[Appellant]: Yes, you can.

THE COURT: So, [y]ou never stole anything?

[Appellant]: That is correct. I am not a liar and a thief.

N.T. Trial at 13-14 (emphasis added).

Preliminarily, the Commonwealth argues that Appellant waived this claim by failing to object to the court's questioning. Appellant counters that,

> [s]he was a *pro se* defendant, and was asked, point-blank, the questions that she was asked by the man who was to decide whether she was guilty or not guilty of the crime charged. It is unreasonable to expect a person in that situation to object. As our [S]upreme [C]ourt has noted,

> > a judge who poses a question or makes a comment during trial is predisposed to believe that the question or comment is proper, lest it not be spoken. Given that predisposition, the likelihood that the judge will be well-cautioned by counsel's objection is negligible. In that context, the rationale underlying the waiver doctrine, that timely objection gives the court the opportunity to cure the error, becomes a relatively empty one. Indeed, the possibility exists that counsel's objection will be viewed as a source of annoyance and may well aggravate the situation.

Appellant's Brief at 42 (quoting **Commonwealth v. Hammer**, 494 A.2d 1054, 1059 (Pa. 1985), *abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002)).

Given the specific circumstances in this case - where Appellant was representing herself, yet was also testifying on her own behalf when the trial

court began questioning her - we decline to find that Appellant waived her challenge to the court's questions, which elicited testimony about her prior conviction(s).

Moreover, we will accept Appellant's argument that the questions posed by the trial court were improper, and that the testimony elicited by the court was inadmissible evidence concerning her prior, non-*crimen falsi* conviction(s). Nevertheless, we reject Appellant's claim that the admission of this evidence constitutes reversible error. In this regard, Appellant essentially contends that because the court elicited the at-issue testimony, the court must have considered the evidence of her non-*crimen falsi* offense(s) in finding her guilty. **See** Appellant's Brief at 41-42. The Commonwealth responds that Appellant's argument "amounts to nothing more than pure speculation...." Commonwealth's Brief at 16. The Commonwealth continues:

> Appellant's brief, isolated response to the court's original question regarding a criminal record did not even refer to any specific criminal conduct, and by its follow-up questions, the court was merely clarifying that she did not have a prior theft offense. Moreover, there is absolutely no indication in the record that the court, as the trier of fact, considered anything other than the properly presented evidence establishing that [A]ppellant was guilty of retail theft, *i.e.*, the loss prevention officer's testimony that he discovered untagged store merchandise in her purse and that she had not paid for it.

*Id.*

The Commonwealth's argument convinces us that the court's error in eliciting testimony about Appellant's prior conviction(s) was harmless. As this Court has explained:

> We have identified three scenarios where the erroneous admission of evidence may constitute harmless error.
>
> > Harmless error exists where: (1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Fransen***, 42 A.3d 1100, 1112–13 (Pa. Super. 2012) (internal citations omitted).

Here, we agree with the Commonwealth that Appellant's brief mention of her prior criminal conduct caused only *de minimis* prejudice. Appellant did not identify any specific prior crime; instead, she only alluded to having committed some other, non-theft offense(s) in the past. Moreover, the purpose of the court's questioning was clearly to ascertain whether Appellant had committed any prior **theft** offenses, and she steadfastly maintained that she had not. Additionally, the court had before it the properly admitted evidence of Appellant's admission that she took the merchandise, as well as Mitchell's testimony that he found untagged merchandise in her bag, and that there was no record of Appellant's purchasing those items. In light of this strong evidence proving Appellant's guilt, we are convinced that the *de*

*minimis* prejudice stemming from her remark about her prior criminal conviction(s) did not impact the court's verdict.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2017