J-A31017-16

2017 PA Super 262

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ANGEL RIBOT | |
| Appellee | No. 1190 EDA 2015 |

Appeal from the Order March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009168-2014

BEFORE: BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

OPINION BY MOULTON, J.: **FILED AUGUST 15, 2017**

The Commonwealth of Pennsylvania appeals from the March 27, 2015 order entered in the Philadelphia County Court of Common Pleas granting Angel Ribot's motion *in limine* to exclude evidence.[1] We reverse.

On July 26, 2014, Officer Thomas Donahue met with a confidential informant ("CI") to arrange a controlled buy of illegal narcotics and gave the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In its notice of appeal, the Commonwealth certified that the trial court's order granting Ribot's motion to exclude evidence substantially handicaps the prosecution. **See** Pa.R.A.P. 311(d) (permitting interlocutory appeal where Commonwealth certifies with its notice of appeal that order terminates or substantially handicaps prosecution); **Commonwealth v. Belani**, 101 A.3d 1156, 1157 n.1 (Pa.Super. 2014) (stating that this Court may not inquire into Commonwealth's good-faith certification that exclusion of evidence handicaps prosecution). Thus, the appeal is properly before us. **See Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa.Super. 2016).

CI a $20 bill.  Before giving the bill to the CI, Officer Donahue recorded the bill's serial number into a computer database, printed out a time-stamped copy of the computer entry, and circled the serial number of the bill on the computer printout.  Officer Donahue transported the CI to the 2800 block of North Hope Street in Philadelphia, where the CI approached Ribot, engaged him in a brief conversation, and handed him money in exchange for packets of heroin.  The Commonwealth charged Ribot with possession of a controlled substance with intent to deliver ("PWID") and possession of a controlled substance.[2]

On November 4, 2014, Ribot filed a motion requesting the production of the pre-recorded buy money used in the July 26, 2014 transaction.  On November 6, 2014, the trial court ordered the Commonwealth to make the $20 bill available to Ribot for inspection.  The Commonwealth did not produce the $20 bill because the bill had been placed back into circulation for use in future controlled buys.  It did, however, produce a printout of the time-stamped computer entry showing that the bill's serial number had been recorded the day before the controlled buy.

On March 26, 2015, Ribot orally moved to preclude the Commonwealth from introducing into evidence any reference to the pre-recorded buy money.  At the hearing on the motion,

---

[2] 35 P.S. § 780-113(a)(30) and (a)(16).

the Commonwealth presented the testimony of [Officer] Donahue . . . . The officer's testimony [was] as follows: That he has been a narcotics agent for the past five years, using [CIs] and pre-recorded buy money on hundreds of occasions. That he only records serial numbers of the pre-recorded buy money at this juncture and that the former protocol was to make photocopies of the funds. Officer Donahue also stated on cross examination that he has photocopied pre-recorded buy money in the past. Counsel for [Ribot] showed the officer a written directive to photocopy all pre-recorded serial numbers of the funds utilized in the investigation. The officer stated that he believed the directive was changed and that it was done orally . . . .

Opinion, 1/19/16, at 2 ("1925(a) Op.") (citations omitted). Officer Donahue testified about his method of pre-recording the buy money as follows:

Prior to leaving my office every day I receive buy money from my sergeant whether it's $200, $300, $400 in cash. I have to go to a computer, we pull up a specific screen, then document all the serial numbers that are on every $20 bill, or $10 bill[,] whatever the denominations happen to be. You have to document that in the computer. You send it, it becomes a general [sic] in the police department which means it can be pulled up at a later time, and then you printout a copy. You take that copy out with you, circle the specific serial number that you use for specific jobs and then you use that pre-recorded buy money to purchase illegal narcotics.

N.T., 3/26/15, at 11-12.

At the conclusion of the hearing, the trial court granted Ribot's motion *in limine* and "precluded the Commonwealth from mentioning that buy money was exchanged or recovered from [Ribot]. However, the police officer can mention that he witnessed an exchange of money between the [CI] and [Ribot]." 1925(a) Op. at 1; **see** N.T., 3/27/15, at 3-4. The trial court further "stated that the buy money that is in question should have

been photocopied and not just the serial numbers placed into the computer." 1925(a) Op. at 1; *see* N.T., 3/27/15, at 4. The Commonwealth timely appealed to this Court.

On appeal, the Commonwealth raises the following issue: "Did the lower court err in excluding evidence that money police had pre-recorded for use in the controlled buy was recovered from [Ribot] following the drug deal, on the ground that the police had not photocopied the buy money?" Cmwlth.'s Br. at 4.

We review a trial court's decision to grant a motion *in limine* for an abuse of discretion. ***Commonwealth v. Belani***, 101 A.3d 1156, 1160 (Pa.Super. 2014). "'A trial court has broad discretion to determine whether evidence is admissible,' and [its] ruling regarding the admission of evidence 'will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" ***Id.*** (quoting ***Commonwealth v. Huggins***, 68 A.3d 962, 966 (Pa.Super. 2013)).

The Commonwealth contends that the trial court abused its discretion in precluding the Commonwealth from introducing: (1) a printout of the time-stamped computer entry showing that Officer Donahue had recorded the buy money's serial number before giving it to the CI; and (2) Officer Donahue's testimony regarding his personal knowledge of recording the buy money in the computer, giving the bill to the CI, and identifying the bill among the currency recovered from Ribot after the drug buy. In excluding

this evidence, the trial court reasoned that "it would be highly prejudicial to allow the buy money to get into evidence at this point when it would have been **more appropriate** if the buy money had been photocopied as well as the serial numbers put in the computer[]." N.T., 3/27/15, at 5-6; **see** 1925(a) Op. at 5 (emphasis added). We disagree.

Both the trial court in its opinion and Ribot in his brief reference the "best-evidence rule." That rule is codified in Pennsylvania Rule of Evidence 1002, which provides: "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. Courts apply the best-evidence rule when the **contents** of documentary evidence are at issue – that is, if the terms of a writing must be proven to make a case or provide a defense. **Commonwealth v. Townsend**, 747 A.2d 376, 380 (Pa.Super. 2000). Thus, Rule 1002 requires that an original writing, recording, or photograph be introduced at trial only if the proponent must prove the contents of the writing, recording, or photograph to prove the elements of its case. **Id.**

We agree with the Commonwealth that **Commonwealth v. Harris**, 719 A.2d 1049 (Pa.Super. 1998), is controlling here. In **Harris**, a jury convicted the defendant of PWID and related offenses based on his sale of cocaine to an undercover officer during a controlled buy. **Id.** at 1250-51. On appeal, the defendant argued that the trial court violated the best-evidence rule when it admitted into evidence a photocopy of the $20 bill

used by the undercover officer to purchase cocaine from the defendant and allowed the officer to testify that the $20 bill retrieved from the defendant matched the bill on the photocopy. *Id.* at 1051. This Court held that the best-evidence rule did not apply. *Id.* at 1052. We explained:

> The material issues in this case were whether [the defendant] knowingly possessed and delivered a controlled substance. The Commonwealth clearly made out its case with the testimony of the undercover officer who identified appellant as the individual who sold him the substance identified as cocaine. The testimony about the twenty dollar bill, specifically, the serial number, was mere cumulative evidence, corroborating a crime which had already been established. **In these circumstances, where the "contents of the documentary evidence" (i.e. the writing on the bill) were not at issue, the best evidence rule does not apply, and the trial court did not abuse its discretion in admitting the photocopy of the marked twenty dollar bill[9] or the oral testimony.**
>
> [9] Because we find that the best evidence rule was not applicable, we do not address the issue of whether the Commonwealth offered a satisfactory explanation for failing to produce the original bill. **Clearly, in this instance where the terms of the writing were not necessary to proof of the crime, secondary evidence was admissible and the rationale was adequate.**

*Id.* (emphases added) (internal citation omitted).

Applying *Harris*'s rationale to the facts of this case, we conclude that the trial court abused its discretion in excluding evidence of the pre-recorded buy money. Here, as in *Harris*, the material issue is whether Ribot knowingly possessed and delivered a controlled substance. The Commonwealth would be able to prove its case with the testimony of Officer

Donahue regarding his observation of the transaction between the CI and Ribot or the testimony of the CI identifying Ribot as the person who sold him the drugs. Officer Donahue's proposed testimony about the pre-recorded $20 bill and its serial number would simply be additional evidence in support of that identification testimony. Because the Commonwealth was not required to prove the bill's serial number in order to prove the elements of PWID or possession of a controlled substance, the best-evidence rule is inapplicable. **See Harris**, 719 A.2d at 1052; **see also Commonwealth v. Dent**, 837 A.2d 571, 590 (Pa.Super. 2003) ("If the Commonwealth does not need to prove the contents of the writing or recording to prove the elements of the offense charged, then the Commonwealth is not required to introduce the original writing or recording."). Therefore, secondary evidence of the pre-recorded buy money – namely, the time-stamped computer printout showing the bill's serial number – is admissible. **See Harris**, 719 A.2d at 1052 n.9.

The trial court's decision appears to have been based less on the best-evidence rule than on its dissatisfaction, as a matter of policy, with the police department's approach to these cases. The trial court stated:

> In this case the pre-recorded buy money was not recorded to the satisfaction of the Court. The defense presented written evidence of a protocol to be followed as to the police investigators photocopying serial numbers. The response from Office Donahue was that he believed it was changed orally in the summer of 2011 but wasn't sure if a hand written copy of that changed directive was distributed. The Court only precluded reference to pre-

> recorded buy money and permitted the officer to testify as to the exchange of currency between the [CI] and [Ribot].
>
> . . .
>
> [I]f the Commonwealth was going to utilize the phrase "pre-recorded buy money" then there should have been some semblance of its existence rather than the oral testimony of the officer stating that he entered the serial numbers of record into a computer and then introduce that writing to the Court or to a jury. To the extent that Rule 1002 has any applicability, this Court **would have preferred the best evidence available**, namely a reproduction of pre-recorded buy money, since the original bills were no longer available and presumably in use again in other investigations.

1925(a) Op. at 3, 5 (emphasis added).

However understandable the trial court's preference for a photocopy of the buy money may be, the Commonwealth was not required to produce a photocopy, particularly where none exists. As the Commonwealth correctly points out, the officer's method of recording the buy money goes to the **weight** of the evidence, not its admissibility. In our adversary system, litigants retain the freedom to choose to present weaker evidence over stronger evidence. Here, the strongest evidence might be $20 bill itself; the second strongest, perhaps, would be a photocopy of the bill. While evidence of the officer's entry of the bill's serial number into the computer may be less strong than either of those alternatives, that means only that such evidence is more vulnerable to attack, not that it is inadmissible. At trial, Ribot's counsel would have ample opportunity to cross-examine Officer

Donahue about the buy money and his method of pre-recording its serial number.

We also reject Ribot's contention that the trial court properly excluded evidence of the pre-recorded buy money and its serial number as a sanction for the Commonwealth's alleged violation of the November 6, 2014 discovery order. *See* Pa.R.Crim.P. 573(E) (allowing trial court to prohibit introduction of evidence not disclosed during pretrial discovery). It is undisputed that the original $20 bill could not be produced because it had been placed back into circulation; nor is there a viable claim that re-using buy money in this fashion is in any way inappropriate. The Commonwealth does not violate mandatory disclosure rules by failing to produce evidence that it reasonably does not possess. ***See Commonwealth v. Collins***, 957 A.2d 237, 253 (Pa. 2008) ("The Commonwealth does not violate Rule 573 when it fails to disclose to the defense **evidence that it does not possess** . . . .") (emphasis added).

Accordingly, we conclude that the trial court abused its discretion in precluding evidence of the pre-recorded buy money.

Order reversed.

President Judge Emeritus Bender joins the opinion.

Justice Fitzgerald files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/15/2017</u>