J-S64004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| PETIE P. DAVIS | : : | |
| Appellant | : | No. 1971 MDA 2016 |

Appeal from the Judgment of Sentence November 4, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002199-2016

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 14, 2017**

Appellant, Petie P. Davis,[1] appeals from the judgment of sentence entered following a jury trial in the Dauphin County Court of Common Pleas. Appellant challenges the trial court's denial of his pre-trial motions as well as evidentiary rulings made during trial. We affirm.

On January 7, 2016, Officer Nicolas Licata contacted a Confidential Informant ("CI") to utilize in a controlled buy operation. Officer Licata instructed the CI to call a drug dealer and order a "brick"[2] of heroin. Once the telephone call was placed, Officer Licata marked $200 in Dauphin County drug

---

[*] Former justice specially assigned to the Superior Court.

[1] Trial transcripts suggest Appellant's actual name is Audry Petie Davis. **See** N.T., Trial, 11/3/16, at 3. For the sake of consistency, we utilize the name presented in the caption of the notice of appeal.

[2] Officer Licata testified a "brick" amounts to 50 bags of heroin.

funds and gave it to the CI. Officer Licata searched the CI and his vehicle for contraband, and, finding nothing, proceeded to follow the CI in an unmarked police vehicle to a location where a black male stood outside.

Officer Licata, and a second officer, Officer Dennis Simmons, observed the black male enter the CI's vehicle and emerge from the vehicle a short time later. The CI proceeded to a predetermined location where Officer Licata performed another search. Officer Licata did not find the pre-marked buy money on the CI but did find a brick of heroin. Simultaneously, the police arrested the male, later identified as Appellant.

During a search of Appellant, police found the pre-marked drug fund money as well as a cell phone matching the number dialed by the CI in the presence of Officer Licata. Upon recovering the pre-marked bills, Officer Licata returned them to the drug fund to use in further investigations.

Appellant was charged with delivery of a controlled substance and criminal use of a communication facility.[3] During pre-trial proceedings, Appellant moved to dismiss his case due to the police's failure to preserve the marked money used in the transaction and to reveal the identity of the CI. At the hearing on the motions, Appellant failed to present any evidence. However, the Commonwealth presented the testimony of Officer Licata who described the danger involved in revealing the CI's identity. The trial court denied both motions.

---

[3] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

Appellant's case proceeded to a jury trial. Prior to the commencement of trial, Appellant argued the trial court should exclude any testimony related to the recovery of the pre-marked buy money as a violation of the best evidence rule. The trial court denied the motion and allowed the Commonwealth's witnesses to testify about their use and recovery of the pre-marked buy money. Appellant did not present any evidence but cross-examined all of the Commonwealth's witnesses. During the testimony of one of the Commonwealth's witnesses, Appellant attempted to question the witness about the credibility of a supervisor. The Commonwealth objected to this line of questioning, and this objection was seemingly sustained by the trial court.[4] Following deliberations, the jury convicted Appellant of both charges. This appeal follows.

Prior to addressing Appellant's issues on the merits, we must determine if Appellant has properly preserved his issues for review. In his final issue on appeal, Appellant contends that the trial court erred in granting the Commonwealth's objection to Appellant's line of questioning regarding a witness's supervisor. **See** Appellant's Brief, at 9-10, 36-38. To preserve a claim of error following a trial court's decision to exclude evidence, our Rules of Evidence provide that a party offering the evidence must inform the court of its substance through an offer of proof. **See** Pa.R.E. 103(a)(2). Additionally, it is an Appellant's duty to ensure that the certified record contains the

_____

[4] The trial court failed to place its ruling on the record. **See** N.T., Trial, 11/3/16 at 53-54.

information necessary to allow a complete assessment of the issues raised. *See*, *e.g.*, *Fiore v. Oakwood Plaza Shopping Ctr*., 585 A.2d 1012, 1019 (Pa. Super. 1991).

Here, following the Commonwealth's objection to Appellant's question, all parties convened at the court's sidebar. None of the conversation concerning the nature of the objection, or even the trial court's ultimate ruling on the objection, was placed on the official record. While we can presume the objection was sustained based upon Appellant's cessation of his line of questioning, we have no information of record to confirm that Appellant preserved this issue for our review. Additionally, despite Appellant's contention, there is no information of record to support his claim that the trial court sustained the Commonwealth's objection without sufficient support. Without this information, which was Appellant's duty to provide, we cannot review this claim.

Moving to Appellant's first preserved issue, Appellant challenges the trial court's denial of his motion to dismiss. *See* Appellant's Brief, at 9, 19-26. Specifically, Appellant contends the "currency used in this case is material in proving a delivery occurred and [the Commonwealth's] intentional failure to preserve said funds [is] a violation of Appellant's due process rights." *Id*., at 19. The Commonwealth, on the other hand, argues it did not act in bad faith in failing to preserve the buy money because the money itself was not material and it was not feasible for the police to retain the money. *See* Commonwealth's Brief, at 8-12.

"The decision to grant a pretrial motion to dismiss a criminal charge is vested in the sound discretion of the trial court and may be overturned only upon a showing of abuse of discretion or error of law." **Commonwealth v. Totaro**, 106 A.3d 120, 123 (Pa. Super. 2014) (citations omitted). Specifically, in relation to the Commonwealth's duty to preserve evidence for trial, our Supreme Court has explained that, pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963),

> suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. This Court has held that to prove a Brady violation, the defendant has the burden of demonstrating that: (1) the prosecution has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant. Prejudice is demonstrated where the evidence suppressed is material to guilt or innocence. Further, favorable evidence is material, and constitutional error results from its suppression by the government, if three is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

**Commonwealth v. Koehler**, 36 A.3d 121, 133 (Pa. 2012) (internal quotation marks and citations omitted).

Appellant has failed to meet his burden of demonstrating a **Brady** violation where evidence is material to either guilt or punishment. While Appellant's petition contains numerous allegations concerning the materiality of the pre-marked buy money, Appellant failed to present *any* evidence at the hearing to demonstrate that the production to the buy money would be helpful

- 5 -

to his case. Further, Appellant failed to show how the lack of this evidence would prejudice him. The trial court did not prevent Appellant from questioning the officers' testimony relating to the drug money and it was the duty of the jury to judge the credibility of the testimony related to the buy money.

Alternatively, assuming the buy money was potentially useful rather than materially exculpable evidence, Appellant argues that his due process rights were violated due to the Commonwealth's bad faith destruction of the buy money. **See** Appellant's Brief, at 23-26. When the Commonwealth fails to preserve potentially useful evidence, the defendant must prove that the Commonwealth acted in bad faith in order to show a due process violation. **See Commonwealth v. Chamberlin**, 30 A.3d 381, 399 (Pa. 2011) (citation omitted). Bad faith exists where evidence is destroyed under circumstances "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." **Arizona v. Youngblood**, 488 U.S. 51, 58 (1988).

Once again, Appellant has failed to meet his burden. Appellant offers no evidence Officer Licata acted in bad faith in re-circulating the buy money. Officer Licata testified that the policy of the department was to re-circulate buy money so as not to hold up drug funds in litigation. Appellant did not present any evidence to challenge this policy. Thus, as Appellant is unable to show that the Commonwealth's failure to preserve the buy money violated his constitutional rights, we find this issue meritless.

Next, Appellant asserts the trial court erred by allowing to keep the identity of the CI confidential despite the CI's status as the sole eyewitness to the controlled buy. **See** Appellant's Brief, at 26-32. "Our standard of review of claims that a trial court erred in its disposition of an informant's identity is confined to abuse of discretion." **Commonwealth v. Watson**, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted).

> The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant factors, which are initially weighted toward the Commonwealth.

**Id**., at 607-608 (citations omitted).

Appellant averred the CI's materiality as the sole eyewitness to the controlled buy. However, at the pre-trial hearing on his motion, Appellant offered *no* evidence in support of this claim, or any other claim related to the materiality of the CI's identity to the defense. The only testimony presented at the pre-trial hearing was that of the Commonwealth's witness, Officer Licata, concerning the safety risks to revealing the identity of the CI. Appellant's unsupported allegations, without more, cannot meet Appellant's burden. Thus, Appellant's second issue on appeal fails.

Finally, Appellant asserts the trial court violated the "best evidence rule" by denying his motion *in limine* to exclude reference to the buy money during trial. **See** Appellant's Brief, at 9, 33-35. Because the trial court permitted the Commonwealth to testify concerning the uniquely marked buy money at trial, despite their failure to produce the actual money, Appellant contends the best evidence rule was violated. **See id**.

"Generally, a trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." **Commonwealth v. Reese**, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*) (citations omitted). The success of Appellant's argument hinges upon the application of the best evidence rule. Under this rule, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. "Courts apply the best-evidence rule when the contents of documentary evidence are at issue – that is, if the terms of the writing must be proven to make a case or provide a defense." **Commonwealth v. Ribot**, 169 A.3d 64, 67 (Pa. Super. 2017) (citation omitted).

Despite Appellant's contention, the application of the rule is inapposite here. Our analysis of the rule in a similar case is illustrative. In **Commonwealth v. Harris**, 719 A.2d 1049 (Pa. Super. 1998), a panel of this court explained that the "best evidence" rule did not apply where

> [t]he material issues in this case were whether [the defendant] knowingly possessed and delivered a controlled substance. The Commonwealth clearly made out its case with the testimony of the undercover officer who identified appellant as the individual who sold him the substance identified as cocaine. The testimony about the twenty dollar bill, specifically, the serial number, was mere cumulative evidence, corroborating a crime which had already been established. In these circumstances, where the "contents of the documentary evidence" (i.e. the writing on the bill) were not at issue, the best evidence rule does not apply, and the trial court did not abuse its discretion in admitting the photocopy of the marked twenty dollar bill[] or the oral testimony.

*Id*., at 1052 (internal citations omitted).

Applying the rationale used by the panel in **Harris**, we find the trial court did not abuse its discretion in denying Appellant's motion *in limine*. As there, the issue here was whether Appellant knowingly possessed and delivered a controlled substance. The Commonwealth proved its case with the testimony of Officer Licata and Officer Simmons regarding their observation of the transaction, Officer Licata's recovery of the brick of heroin from the CI, and the discovery of the cell phone with the same number Officer Licata witnessed the CI dial. Officer Licata's testimony regarding the mark placed on the buy money was not required to prove Appellant's guilt, and thus, the contents of the buy money were not required to be produced at trial. Appellant's final issue on appeal fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2017