J-S22037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEWAYNE HOLLAND | : | |
| | : | |
| Appellant | : | No. 11 EDA 2017 |

Appeal from the Judgment of Sentence November 18, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0007559-2015

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 26, 2018**

Appellant, Dewayne Holland, appeals from the judgment of sentence imposed following his bench conviction of attempting to acquire a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge.[1] We affirm.

We take the following pertinent facts and procedural background from the trial court's May 16, 2017 opinion and our independent review of the record.  Appellant was arrested on November 17, 2014 after presenting an altered prescription for oxycodone tablets at Walgreens Pharmacy.  On April 26, 2016, Appellant waived his right to a jury trial.  A bench trial commenced that day.

---

[1] 18 Pa.C.S.A. § 901(a) and 35 P.S. § 780-113(a)(12).

---

*   Retired Senior Judge assigned to the Superior Court.

Amanda Dinmore, Walgreen's pharmacy manager, testified that Appellant presented a prescription for oxycodone. The prescription appeared to be altered, from a quantity of twenty-one to eighty pills. When the Commonwealth showed her a copy, made by the pharmacy, of the original prescription, defense counsel objected, stating, "There's a genuine question here that we're raising about the authenticity of that photocopy." (N.T. Trial, 4/26/16, at 13); (*see id.* at 12). When questioned by the trial court about the location of the original, Ms. Dinmore stated that she could not remember whether it was in her file, or if she gave it to the police. (*See id.* at 13-14). When the prosecutor observed that defense counsel was only raising a general objection, but not identifying any actual discrepancies between the original and the copy, defense counsel stated that that was a question of fact for the trial court. (*See id.* at 15). The court denied counsel's objection.

Thereafter, Ms. Dinmore testified that, when Appellant presented her with the oxycodone prescription, it appeared that the quantity was altered. (*See id.* at 17). Specifically, she testified that "[t]he quantity said 80 in numbers 8 zero, but underneath in Roman Numerals it said XXI[,] which is 21. So I took a closer look and I could see that it looks like it was 21 and then written over 80." (*Id.*). On cross-examination, defense counsel presented her with a carbon copy of the prescription from the prescribing doctor's pad. When asked why the "1" on the photocopy of the original given to her, and on the carbon copy from the doctor's pad, appeared to be in slightly different

places, Ms. Dinmore explained that the "carbon copy [] could have slid a little[]" while the doctor was writing the prescription, causing the number to shift. (*Id.* at 27).  She affirmed that she had not altered the prescription, and that the photocopy was the same as the original she observed on November 17, 2014.  (*See id.* at 26-27).

Dr. Brent Weinerman testified that he wrote the prescription for twenty-one oxycodone pills for the treatment of Appellant's pain.  (*See id.* at 30-31, 35).  He stated that he wrote the number twenty-one, and then XXI, the Roman numeral representing the number.  (*See id.* at 34).  He explained that he would never prescribe eighty oxycodone pills to anyone, and had not written the number eighty on Appellant's prescription.  (*See id.* at 31-32, 35).  When Appellant's counsel asked him about an alleged loop on the "O" on the carbon copy that was not on the photocopy, Dr. Weinerman said, "[T]here's not really a loop.  It looks like something was impressed over it[.]  [I]t's an 'O'." (*Id.* at 38).

Appellant testified on his own behalf.  He denied altering the prescription.  He maintained that the copy provided in evidence by the pharmacy was different from the original he had given them to be filled.  (*See id.* at 46-47).  Specifically, the following exchange occurred:

Q.    You reviewed copies of the prescriptions that were contained in the discovery?

A.    Yes.

Q.     Did you notice anything in comparing those prescriptions[,] did you notice anything of concern to you?

A.     Yes.

Q.     Tell us what that was?

A.     On them scripts, okay, is different handwritings.

Q.     How do you know?

A.     I could see it.  I could see it.  The "X" is small, on my script, but big on his script.  The "O" is cursive on his fax cover sheet, and on his carbon copy that he says is a carbon copy is different. It says . . . 11/11/14.  But on my script it looks like 11/12/14.  It's right here because the police even wrote on their copy that my script says 12, it says it in the paperwork that my script says 12, but on here it says 11.  So I reviewed everything.  The "T" right here, the "T" right here is crossed but on his it's not crossed.  At the top it got an [sic] DEA Roman numerals.

(**Id.** at 46).

At the conclusion of the bench trial, the trial court convicted Appellant of the aforementioned crime.  On November 18, 2016, it sentenced him to a term of incarceration of not less than three nor more than six years.  The court denied Appellant's timely post-sentence motion on November 28, 2016. Appellant timely appealed.[2]

Appellant raises one question for this Court's review:  "Whether the [c]ourt erred when it overruled a defense objection pursuant to Pa. Rules of Evidence 1002 and 1003 to the admission of written evidence?"  (Appellant's

---

[2] Appellant filed a statement of errors complained of on appeal on January 26, 2017.  The court filed an opinion on May 16, 2017.  **See** Pa.R.A.P. 1925.

Brief, at 6). Specifically, Appellant maintains that, because "[t]he contents of the original prescription form constituted one of the elements of the offense[,]" and he "needed the original prescription form to prove during his testimony that the original and the photocopies contained discrepancies[,]" the trial court abused its discretion in allowing the admission of the photocopy. (***Id.*** at 14). We disagree.

The following legal principles guide our analysis of Appellant's issue.

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established that [q]uestions concerning the admissibility of evidence lie within the sound discretion of the trial court, and [a reviewing court] will not reverse the court's decision on such a question absent a clear abuse of discretion. An abuse of discretion requires:

> not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Giles***, 182 A.3d 460, 461-62 (Pa. Super. 2018) (citations and quotation marks omitted).

[The common-law best evidence] rule is codified in Pennsylvania Rule of Evidence 1002, which provides: "An original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. Courts apply the best-evidence rule when the contents of documentary evidence are at issue—that is, if the terms of a writing must be proven to make a case or provide a defense. Thus, Rule 1002 requires that an original writing, recording, or photograph be introduced at trial only if the proponent must prove the contents of the writing, recording, or photograph to prove the elements of its case.

*Commonwealth v. Ribot*, 169 A.3d 64, 67 (Pa. Super. 2017) (citations, emphasis, and quotation marks omitted).  However, Rule 1003 provides, **"[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity** or the circumstances make it unfair to admit the duplicate."  Pa.R.E. 1003 (emphasis added).  The Comment to Rule 1003 observes that:

> Under the traditional best evidence rule, copies of documents were not routinely admissible.  This view dated back to the time when copies were made by hand copying and were therefore subject to inaccuracy.  On the other hand, Pennsylvania courts have admitted copies made by techniques that are more likely to produce accurate copies.  For example, when a writing is produced in duplicate or multiplicate each of the copies is treated as admissible for purposes of the best evidence rule.

> \* \* \*

> . . . As a result, Pa.R.E. 1003 should tend to eliminate purely technical objections and unnecessary delay.  In those cases where the opposing party raises a genuine question as to authenticity or the fairness of using a duplicate, the trial court may require the production of the original under this rule.

Pa.R.E. 1003, Comment (case citations omitted).

Here, the trial court found that the "minor little differences" about which Appellant testified did not render the two copies of the prescription "totally different[,]" as alleged by Appellant.  (Trial Court Opinion, 5/16/17, at 3); (N.T. Trial, at 47).  It explained that these inconsistencies

> are more readily explained by the pharmacist's account of the simple movements of the original or the carbon copy[.] . . . [T]hey in no way posed any genuine questions as to the authenticity and accuracy of the copies, particularly since none of those variations had anything to do with the obvious and undisputed fact that there

was an attempt to replace the 21 with an 80. The defense did not dispute that the original prescription contained the 80 when it was presented to the pharmacist[,] but did not when it was written by the doctor and, presumably, given to [Appellant].

(Trial Ct. Op., at 3-4).

We agree with the sound reasoning of the trial court that Appellant failed to raise a genuine question about the authenticity of the photocopy to which Ms. Dinsmore testified. Appellant complained about minor inconsistencies between the photocopy of the original and the carbon copy, which were explained by the copying process. Even more importantly, the alleged discrepancies did not implicate the central issue of the case, whether the prescription Appellant provided to the pharmacist was altered to include an order for eighty oxycodone pills. *See* Pa.R.E. 1003. Therefore, we conclude that the court did not abuse its discretion when it allowed the admission of the photocopy into evidence. *See Giles*, *supra* at *2; Pa.R.E. 1003. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18

- 7 -