J. A24044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSEPH SCOTT RANKINEN, | : | No. 320 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 18, 2017,
in the Court of Common Pleas of Clinton County
Criminal Division at No. CP-18-CR-0000429-2016

BEFORE:  OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED MAY 31, 2019**

Joseph Scott Rankinen appeals from the September 18, 2017 aggregate judgment of sentence of 15 to 30 years' imprisonment imposed after a jury found him guilty of rape, rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, terroristic threats, and indecent assault of a person less than 13 years of age.[1]  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history, as gleaned from the certified record, are as follows:  On June 23, 2017, a jury found appellant guilty of rape of a child and related offenses in connection with his sexual assault of a 12-year-old female victim in the bathroom at the Clinton County Fairgrounds

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3121(c), 3123(b), 2706(a)(1), and 3126(a)(7), respectively.

J. A24044/18

in the Spring of 2011. As noted, the trial court sentenced appellant to 15 to 30 years' imprisonment on September 18, 2017.[2] On September 28, 2017, appellant filed a timely post-sentence motion, which was denied by the trial court on January 22, 2018. This timely appeal followed on February 14, 2018. On February 15, 2018, the trial court directed appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), within 21 days. Appellant filed his timely Rule 1925(b) statement on March 1, 2018, and the trial court filed its Rule 1925(a) opinion on April 17, 2018.

Appellant raises the following issues for our review:

I. Whether the trial court erred by failing to give the jury an instruction on Lack of Prompt Complaint as requested by trial counsel?

II. Whether the trial court erred in failing to sustain trial counsel's objection and motion for mistrial, where the prosecutor commented before the jury on [a]ppellant's post-arrest, post-**Miranda**[3] silence during his closing argument on the issue of whether [a]ppellant thought child abuse was normal?

II. Whether the trial court erred in failing to sustain the objection and grant the motion for mistrial of trial counsel when, during the course of the trial, the prosecutor elicited statements from

---

[2] The record reflects that the September 18, 2017 sentencing order was amended on December 29, 2017, to include an additional restitution payment to the Victims Compensation Assistance Program in the amount of $444.99. (**See** trial court order, 12/29/17 at ¶ 1.) The portion of the September 18, 2017 sentencing order directing appellant to pay $78.90 restitution to the victim was subsequently vacated by the trial court on January 22, 2018. (**See** trial court order, 1/22/18 at ¶ 1.)

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

the alleged victim, consisting of information that sustained the charge of Involuntary Deviant [sic] Sexual Intercourse?

IV. Whether the trial court erred in ruling that the entire forensic interview of the alleged victim could be used on re-direct examination by the prosecutor as a prior consistent statement?

V. Whether the trial court erred in failing to sustain [a]ppellant['] objection to the testimony elicited by the Commonwealth that, upon custodial interrogation, by Trooper Sweet, [a]ppellant stated that he was the victim of sexual abuse?

Appellant's brief at 3.

## I. Prompt complaint jury instruction

Appellant first argues that the trial court erred in denying his request to give the jury the prompt complaint instruction found at Section 4.13A of the Pennsylvania Suggested Standard Criminal Jury Instructions. (*Id.* at 15.) Appellant avers that the victim failed to report the alleged rape until 4 years after it occurred and that "[t]here is absolutely no evidence that at the time of the alleged assault, [the victim], because of her age, did not appreciate or understand what had happened to her." (*Id.* at 15-16.)[4]

---

[4] In support of his argument, appellant relies primarily upon ***Commonwealth v. Jones***, 672 A.2d 1353 (Pa.Super. 1996), and ***Commonwealth v. Lane***, 555 A.2d 1246 (Pa. 1989). (***See*** appellant's brief at 17-18.) In ***Jones***, a panel of this court reversed the defendant's conviction of rape and remanded for a new trial where the victim did not report the rape until nearly 24 hours thereafter, and the trial court gave an erroneous prompt complaint jury instruction. ***Jones***, 672 A.2d at 1358. Likewise, in ***Lane***, our supreme court

"In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1257 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 1 (Pa. 2014).

> The premise for the prompt complaint instruction is that a victim of a sexual assault would reveal at the first available opportunity that an assault occurred. The instruction permits a jury to call into question a complainant's credibility when he or she did not complain at the first available opportunity. **However, there is no policy in our jurisprudence that the instruction be given in every case.**
>
> **The propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim.**

***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa.Super. 2013) (citations and internal quotation marks omitted; emphasis added).

In the instant matter, the trial court conducted a review of specific charging requests by counsel prior to closing arguments. During the course of this review, the trial court concluded that a prompt complaint instruction was inappropriate because the victim's young age and maturity prevented her

---

held that, "[i]n determining whether or not the delay [in making a prompt complaint] reflects the insincerity of the complainant, the maturity [of the child] is merely an additional factor to be considered by the jury in deciding the question." ***Lane***, 555 A.2d at 1251.

from appreciating the offensive nature of appellant's conduct. The trial court stated as follows:

> [APPELLANT'S COUNSEL]: Judge, are you giving standard instruction 4.13(A) failure to make a prompt complaint[?]
>
> THE COURT: I am not.
>
> [APPELLANT'S COUNSEL]: I would ask that you give that one.
>
> THE COURT: That is denied based on the age of the child.
>
> . . . .
>
> THE COURT: *Jones* says where the victim of a sexual assault is a minor who, quote, may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint will not necessarily justify an inference of fabrication. It's pretty much what you said, but that's what I was relying on to deny your request.

Notes of testimony, 6/23/17 at 8-10.

In so ruling, the trial court indicated to appellant's counsel that she could renew her request for the prompt complaint instruction when the jury instructions were given. (*Id.* at 10.) Counsel, however, failed to renew her motion, and the jury was not instructed on the lack of a prompt complaint.

We find that appellant has waived this issue by failing to specifically object to the trial court's jury instructions on this basis before the jury retired to deliberate. "[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver

of the issue." ***Commonwealth v. Houck***, 102 A.3d 443, 451 (Pa.Super.

2014) (citation omitted); ***see also*** Pa.R.A.P. 302(b); Pa.R.Crim.P. 647(B).  In

***Commonwealth v. Pressley***, 887 A.2d 220 (Pa.Super. 2006), this court

explained as follows:

> Although obligating counsel to take this additional
> step where a specific point for charge has been
> rejected may appear counterintuitive, as the
> requested instruction can be viewed as alerting the
> trial court to a defendant's substantive legal position,
> it serves the salutary purpose of affording the court
> an opportunity to avoid or remediate potential error,
> thereby eliminating the need for appellate review of
> an otherwise correctable issue.

***Id.*** at 224 (citation and footnotes omitted).  Accordingly, appellant's first claim

is waived.[5]

---

[5] We note that even if appellant had properly preserved his claim, it would warrant no relief.  Our review of the record reveals ample support for the trial court's decision to deny appellant's request to provide a prompt complaint instruction to the jury.  At trial, the victim testified that at the time of the sexual assault, she had never had sex, did not really understand what sex was, and did not know "what body parts went where."  (Notes of testimony, 6/22/17 at 57-58.)  The victim further testified that she "had no clue what was going on" during the assault and did not understand what the term 'rape' meant prior to disclosing the incident to her mother in 2015.  (***Id.*** at 86-87, 184.)  Based on the foregoing, we agree with the trial court's determination that the victim did not appreciate the offensive nature of appellant's conduct at the time the assault occurred, and a prompt complaint instruction would have been inappropriate. ***See Jones***, 672 A.2d at 1357 n.2 (stating, "[w]here an assault is of such a nature that the minor victim may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication.").

**II. References to appellant's post-arrest, post-*Miranda* silence**

Appellant next argues that the trial court abused its discretion by denying his motion for a mistrial following the prosecutor's improper reference to appellant's post-arrest, post-***Miranda*** silence to the question of whether he thought sex abuse was normal. (Appellant's brief at 18.)

> It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

***Commonwealth v. Brooker***, 103 A.3d 325, 332 (Pa.Super. 2014) (citations omitted), ***appeal denied***, 118 A.3d 1107 (Pa. 2015).

Instantly, Corporal Matthew Sweet testified that on April 6, 2016, he took appellant into custody and began to interrogate him following the issuance of ***Miranda*** warnings. (Notes of testimony, 6/22/17 at 197-198.) Corporal Sweet testified that during the course of this interrogation, appellant remained silent in response to the question of whether he felt sexual abuse was normal, as follows:

> A. Yeah. He -- part of the things I got into him with his sexuality, whether he was a virgin, stuff

like that, trying to get, again, conversation to keep him talking to possibly get some sort of admission. He indicated that he lost his virginity sometime after the 2011 incident, and I guess at that point I asked him, you know, do you feel that sexual abuse is normal, you know, the loss of your virginity. To that he gave no answer. He remained silent.

Q.    So when asked specifically if he thought sexual abuse was normal, he had no answer?

A:    No answer.

*Id.* at 206. Appellant's counsel did not object to Corporal Sweet's testimony on appellant's post-arrest, post-***Miranda*** silence.

Thereafter, during the course of his closing argument, District Attorney David A. Strouse made the following reference to appellant's silence:

On the other hand, you can choose to believe that [the victim] made this entire thing up, but to make that choice you have to also choose to believe a number of other things about this case. . . . You would have to choose to believe that Corporal Sweet either wasn't being honest when he testified, or you would have to believe that [appellant's] responses and comments to Corporal Sweet were just a coincidence. Like the fact that during the interview with Corporal Sweet he said he knew [the victim], but then later said I don't know who that is. That [appellant] admitted to his sexual experimentation. That would just be a coincidence. It would just be a coincidence that [appellant] said he had open values, that nudity wasn't a big deal to him. **It would have to be just a coincidence that [appellant] would not respond when asked if he felt sexual assault was normal.**

Notes of testimony, 6/23/17 at 40-41 (emphasis added).

Appellant objected and requested a mistrial, which was denied by the trial court on the basis that these comments "came out in evidence" and that appellant had failed to make a timely objection at that time. (*Id.* at 41-42.) The record further reflects that the trial court offered to give a cautionary instruction to the jury, but appellant declined. (*Id.* at 42.) The trial court subsequently instructed D.A. Strouse, at sidebar, "that is not a point that you will revisit at all at any point during your remaining comments." (*Id.*)

Upon review, we find that appellant has waived his claim that D.A. Strouse improperly referenced appellant's post-arrest, post-*Miranda* silence during his summation by failing to timely and specific objection to Corporal Sweet's testimony at trial. As noted, the "the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." *Houck*, 102 A.3d at 451(citation omitted); *see also* Pa.R.A.P. 302(a) (stating an issue not raised in the trial court is considered waived for purposes of appellate review).

### III. Victim's testimony that she was forced to perform oral sex

Appellant next argues that the trial court abused its discretion in not granting his motion for a mistrial after D.A. Strouse elicited testimony from the victim that appellant forced her to perform oral sex on him. (Appellant's brief at 24.) Appellant contends that because no information about this

incident was ever provided to the defense in discovery, a new trial is warranted. (*Id.* at 25-28.) We disagree.

At trial, the victim testified at great length with regard to the sexual assault and described how appellant dragged her towards the men's bathroom by her wrists, slammed her against the wall, pulled her pants and underwear down around her knees, and how she felt "a repetitive feeling of pressure" in her vagina. (*See* notes of testimony, 6/22/17 at 52-59.) D.A. Strouse then inquired as to what happened "when [appellant] stopped[,]" and the victim described in detail how appellant pushed her to the floor, pushed her head against the wall, and forced his penis into her mouth. (*Id.* at 61-63.) Appellant subsequently objected and moved for a mistrial on the basis that this information was never provided to the defense. (*Id.* at 63, 65.) The following discussion took place at sidebar, at the conclusion of which the trial court denied his motion for a mistrial:

> [APPELLANT'S COUNSEL]: Your Honor, at this time I'd like Mr. Strouse to explain to me when he knew this information. This last probably five minutes of information of testimony is brand new information to me. It's a witness statement that was not disclosed ever, not in the video, not in the police report, it was not in the interview of the child. This is all new.
>
> THE COURT: Mr. Strouse.
>
> [D.A. STROUSE]: Some of the information I'm hearing for the first time, Your Honor. Such is the nature of a sexual assault case and the risk [appellant] takes if he takes this to trial with a child victim. The Commonwealth can't possibly know everything that was going to be said.

> [APPELLANT'S COUNSEL]: I'd like to know what you knew because some of this, Mr. Strouse, you clearly knew based on your line of questioning, and it was not disclosed to me.
>
> THE COURT: Mr. Strouse.
>
> [D.A. STROUSE]: The only information the Commonwealth has come into position [sic] with during preparation of this case was trial preparation questions of witnesses, that's it. And to the extent that there was any additional statements, they were provided directly during the course of trial preparation with me, and as such they were work product.
>
> [APPELLANT'S COUNSEL]: If they are work product then they're not admissible during trial. You can't get statements from a witness and not disclose them to me.
>
> [D.A. STROUSE]: So we're clear on the record, I received no statement from the witness. No statement. If there was a statement, it would have been provided.

*Id.* at 64-65.

Pennsylvania Rule of Criminal Procedure 573 governs pretrial discovery and inspection and provides, in relevant part, that the Commonwealth must disclose, at the discretion of the trial court, "all written or recorded statements, and substantially verbatim oral statements, of eyewitnesses the Commonwealth intends to call at trial[.]" Pa.R.Crim.P. 573(B)(2)(a)(ii). Courts in this Commonwealth, however, have continually recognized that "[t]he Commonwealth **does not** violate Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware."

- 11 -

***Commonwealth v. Collins***, 957 A.2d 237, 253 (Pa. 2008) (citations omitted; emphasis added); ***see also Commonwealth v. Ribot***, 169 A.3d 64, 69 (Pa.Super. 2017) (same).

Instantly, we discern no abuse of discretion on the part of the trial court in denying appellant's motion for a mistrial. Our review of the record reveals no evidence that the victim revealed to anyone that appellant forced her to perform oral sex, or made any statement to this effect. On the contrary, the victim testified on cross-examination that she had not told anyone about this incident prior to trial:

> Q. Now, you've told the jury today that [appellant] pushed you on the floor, pushed your head against the wall, and tried to force his penis into your mouth?
>
> A. Yes.
>
> Q. That's the first time you've told anybody that?
>
> A. Yes, it is.
>
> Q. You've not told your therapist that you've worked with for a year?
>
> A. No, I haven't.
>
> Q. Not told your family?
>
> A. No.
>
> Q. Not told anybody at this table here?
>
> A. No.

Notes of testimony, 6/22/17 at 104-105.

Accordingly, as there is no evidence demonstrating that the Commonwealth withheld any statements by the victim with regard to oral sex, appellant's claim must fail. *See Collins*, 957 A.2d at 253; *Ribot*, 169 A.3d at 69.

## IV.  Admission of the victim's forensic interview as a prior consistent statement

Appellant next argues the trial court abused its discretion in permitting the Commonwealth to introduce a video of the victim's forensic interview as a prior consistent statement. (Appellant's brief at 28-31.)

In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa.Super. 2012) (citation omitted), *appeal denied*, 76 A.3d 538 (Pa. 2013).

At trial, the Commonwealth introduced a video of the forensic interview of the victim conducted by Sherry Moroz of the Central Susquehanna Valley Children's Advocacy Center in 2015. (Notes of testimony, 6/22/17 at 165-166.) Appellant objected to the video arguing that it was inadmissible hearsay, and the trial court overruled the objection. (*Id.* at 166.) The trial court ruled that the forensic interview video was admissible as a prior consistent statement, pursuant to Pennsylvania Rule of Evidence 613(c), in

order to rehabilitate the victim's credibility.  (**Id.** at 166; **see also** trial court

opinion, 1/22/18 at 4-6.[6])  Upon careful review of the record, we discern no

abuse of discretion on the part of the trial court in reaching this conclusion.

Pennsylvania Rule of Evidence 613 governs this issue and provides, in

relevant part, as follows:

> **(c)  Witness's Prior Consistent Statement to Rehabilitate.**  Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>
> (1)  fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or
>
> (2)  having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation

Pa.R.E. 613(c).

This court has long recognized that "prior consistent statements of child

victim of sexual assault, offered to corroborate in-court testimony, are not

hearsay." **Commonwealth v. Giles**, 182 A.3d 460, 461 (Pa.Super. 2018),

---

[6] We note that the trial court's January 22, 2018 opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

- 14 -

***appeal denied***, 193 A.3d 888 (Pa. 2018), citing ***Commonwealth v. Hunzer***, 868 A.2d 498, 512 (Pa.Super. 2005), ***appeal denied***, 880 A.2d 1237 (Pa. 2005).

> Pennsylvania Rule of Evidence 613(c) permits the admission of evidence of a prior consistent statement for rehabilitation purposes if the opposing party is given an opportunity to cross-examine the witness about the statement, the statement is offered to rebut an express or implied charge of fabrication, bias, improper influence or motive, or faulty memory, and the statement was made before the fabrication, bias, etc.

***Commonwealth v. Baker***, 963 A.2d 495, 504 (Pa.Super. 2008) (citation omitted), ***appeal denied***, 992 A.2d 885 (Pa. 2010).

In the instant matter, appellant's counsel attempted to impeach the victim's credibility and crossed-examined her extensively on several statements she made on direct examination that were inconsistent with statements she had previously made during the 2015 forensic interview. (***See*** notes of testimony, 6/22/17 at 93-124.) In response, the Commonwealth introduced the video of the victim's recorded interview with Sherry Moroz to rehabilitate her credibility. (***Id.*** at 165-166.) Review of the record indicates the character of impeachment "was such that the trial court could reasonably exercise its discretion to permit admission of evidence of prior consistent statements to corroborate the child victim's impeached testimony." ***Hunzer***, 868 A.2d at 513. Accordingly, we find that the trial court did not abuse its discretion in admitting the minor victim's forensic interview video as a prior

consistent statement. ***See Baker***, 963 A.2d at 503-505 (holding that the recording of a child victim's interview with a forensic pediatrician who had interviewed the child at behest of agencies investigating child abuse allegations was admissible as prior consistent statement, given defense counsel's cross-examination insinuating that the child victim had been improperly induced to fabricate her testimony by the prosecution and her mother).

**V.    Admission of appellant's statement that he was a sexual abuse victim**

In his final claim, appellant contends that the trial court abused its discretion in permitting Corporal Sweet to testify that appellant acknowledged during interrogation that he was sexually abused as a child.  (Appellant's brief at 32.)

At trial, Corporal Sweet was questioned with regard to the tactics he employed during his interrogation of appellant and testified as follows:

> Q.    Corporal Sweet, what type of tactics did you use with respect to your interview with [appellant]?
>
> A.    I tried to minimize the actual -- the allegation. I tried to make it feel like it was something less. Typically I also try to deflect some of the blame on maybe the way he was growing up or brought up or something that had happened in his past.

Notes of testimony, 6/22/17 at 202-203.

Appellant objected, and the trial court overruled the objection. (*Id.* at 204.) The Commonwealth's direct examination of Corporal Sweet resumed and he testified as follows:

> Q. What specifically did [appellant] say to you when you attempted to blame someone else?
>
> A. He indicated that several years ago when he was younger he was actually -- not necessarily a victim, but he was also -- there was an older neighbor boy who had sexually assaulted him and, you know, again trying to deflect the blame that perhaps that's what may have caused some of this was the answer I got.
>
> Q. And did he describe -- did he indicate whether or not he had been sexually active at a young age?
>
> [APPELLANT'S COUNSEL]: Objection, relevancy.
>
> THE COURT: Overruled.

*Id.* at 205-206.

Appellant avers that "[t]his entire line of questioning regarding [his] family's personal sexual habits, [his] background, and whether he has been a victim of child sexual abuse, was completely irrelevant." (Appellant's brief at 33.) Appellant maintains "[t]here was no evidence . . . that any prior assault or abuse of [a]ppellant in any way drove or was a causative factor in the conduct charge[d] in this case[,]" and the probative value of this testimony was outweighed by its prejudicial effect. (*Id.*) For the following reasons, we disagree.

> The admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. Evidence, even if relevant, may be excluded if its probative value is outweighed by the potential prejudice.

*Fransen*, 42 A.3d at 1106 (citations and internal quotation marks omitted);

*see also* Pa.R.E. 401, 403.

Upon review, we discern no abuse of discretion on the part of the trial court in allowing Corporal Sweet's brief reference to the fact that appellant acknowledged during his interrogation that he was sexually abused as a child to be admitted into evidence. We agree with the trial court that this statement was relevant to appellant's then-existing mental and emotional condition and was admissible pursuant to the state of mind exception to the hearsay rule. (*See* trial court Rule 1925(a) opinion, 4/17/18 at 4-5.[7]) Moreover, we find that appellant's acknowledgement that he was sexually abused as a child was relevant to establish a possible motive for committing the underlying offenses.

Hearsay is defined as "a statement that the declarant does not make while testifying at the current trial or hearing[, offered] in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c) (numeration omitted). Hearsay is generally inadmissible at trial unless it falls

---

[7] We note that the trial court's April 17, 2018 Rule 1925(a) opinion does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

into an exception to the hearsay rule. *See* Pa.R.E. 802. Rule 803 contains several recognized exceptions to the hearsay rule, including the state of mind exception:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> **(3)** **Then-Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's **then-existing state of mind (such as motive,** intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Pa.R.E. 803(3) (emphasis added).

"Where the declarant's out-of-court statements demonstrate his state of mind, are made in a natural manner, and are material and relevant," as is the case here, "they are admissible pursuant to the exception." *Commonwealth v. Johnson*, 107 A.3d 52, 84 (Pa. 2014) (citations and emphasis omitted), *cert. denied*, ___ U.S. ___, 136 S.Ct. 43 (2015).

Additionally, Corporal Sweet's brief reference to the fact that appellant acknowledged during his interrogation that he was sexually abused as a child was not so unduly prejudicial as to warrant that a new trial be granted. Evidence is not unduly prejudicial simply because it is harmful to the

defendant's case.  ***See Commonwealth v. Page***, 965 A.2d 1212, 1220 (Pa.Super. 2009), ***appeal denied***, 74 A.3d 125 (Pa. 2013).  On the contrary, the "exclusion of evidence on grounds that is prejudicial is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal propositions relevant to the case[.]" ***Commonwealth v. Flamer***, 53 A.3d 82, 89 (Pa.Super. 2012) (citation and parentheses omitted).  Accordingly, appellant's final claim of trial court error warrants no relief.

For all the forgoing reasons, we affirm the September 18, 2017 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019