J-S61017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANA H.D. MAXWELL | : | |
| | : | |
| Appellant | : | No. 2678 EDA 2016 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004736-2013

BEFORE:   BOWES, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 07, 2020**

Appellant, Dana H.D. Maxwell, appeals from the judgment of sentence entered on January 16, 2015, as made final by the denial of a post-sentence motion on April 12, 2016, following his jury trial convictions for attempted burglary,[1] criminal trespass,[2] and possession of an instrument of a crime ("PIC").[3]  We affirm.

The trial court set forth the relevant factual and procedural background of this matter as follows:

> On February 17, 2013, at 5:30 [a.m.], Appellant was observed by Park Ranger Keith Manchester and Park Ranger Jordan Sjogren

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1) and 901(a).

[2] 18 Pa.C.S.A. § 3502(a)(1)(ii).

[3] 18 Pa.C.S.A. § 907(a).

attempting to pry open a basement door located at 421 Locust Street in Philadelphia[, Pennsylvania]. The house was occupied by Park Ranger Nick [and] Claudia Iannelli. The cellar door was locked. As the Rangers approached [] Appellant, [he] walked away from the house and toward the Park Rangers. [] Appellant then went to the corner of 415 Locust Street and appeared to urinate. Ranger Manchester went to investigate to see if [] Appellant was actually urinating and did not find any moisture or any other sign indicative of urination. A brief discussion [followed] and [] Appellant told the Rangers that he was coming from the club and that he was high. Mrs. Iannelli heard some noises and voices outside her window, which was located above the cellar door. Upon further examination of the area, the Park Rangers noticed that there was damage to not only 421 Locust Street, but 413 and 423 Locust Street[] as well. Mrs. Iannelli noticed damage to her cellar door that was [not] there prior to that morning. [] Appellant was searched and a screwdriver was recovered from his pocket. [Thereafter,] Appellant was arrested.

[]. A preliminary hearing took place on April 9, 2013 and all charges were held for court.

Trial Court Opinion, 4/30/19, at 2-3.

Prior to trial, the Commonwealth filed a motion *in limine*, seeking to introduce evidence of Appellant's "other acts." Commonwealth's Motion *in Limine*, 1/8/15, at 1-12. Specifically, the Commonwealth sought to introduce evidence that Appellant was previously convicted of criminal trespass, PIC, and criminal mischief after he attempted to enter two neighboring homes with a screwdriver on October 28, 2006. **Id.** at 4-5. The Commonwealth contended that such evidence was admissible under Rule 404(b) of the Pennsylvania Rules of Evidence to establish a common plan or scheme. **Id.** A hearing was held on January 9, 2015. **See** N.T. Hearing, 1/9/15, at 1-30. "The decision was held in abeyance until January 12, 2015. On that day[,]

the [trial court] granted the [Commonwealth's] motion to admit Appellant's other acts [evidence]." Trial Court Opinion, 4/30/19, at 3.

Appellant's jury trial commenced on January 14, 2015. On January 16, 2015, the jury found Appellant guilty of the aforementioned crimes. *Id***.** On March 4, 2015, Appellant filed a *pro se* motion for new counsel and on April 21, 2015, the court appointed new counsel. *Id***.** On December 11, 2015, Appellant "was sentenced to an aggregate sentence of 12 ½ [to] 25 years of state incarceration." *Id***.** That same day, Appellant filed a *pro se* post-sentence motion which was "denied by operation of law on April 12, 2016." *Id***.** Appellant's counsel did not appeal his judgment of sentence. *Id***.** Thereafter, on June 8, 2016, counsel filed a petition pursuant to the Post-Conviction Relief Act ("PCRA") requesting that Appellant's direct appeal rights be reinstated *nunc pro tunc*. Appellant's PCRA Petition, 6/8/16, at 1-2. The PCRA court granted Appellant's petition on August 1, 2016. PCRA Court Order, 8/1/16, at 1. This timely appeal followed.[4]

_____

[4] Appellant filed a notice of appeal on August 15, 2016. On February 10, 2017, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). After securing an extension, on March 21, 2017, Appellant's counsel informed the court, in accordance with Rule 1925(c)(4), that he intended to file an ***Anders*** brief. Subsequently, on May 8, 2018, Appellant's counsel filed with this Court a petition for leave to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). Subsequently, Appellant retained new counsel who entered his appearance with this Court on May 18, 2018. Thereafter, on May 21, 2018, Appellant's counsel filed a petition to withdraw prior counsel's brief, vacate the briefing schedule, and remand the case to the

Appellant raises the following issue on appeal:

Did the trial court err in admitting evidence of [Appellant's] prior conviction for criminal trespass, where [the] two events were not sufficiently similar as to render [the evidence] admissible [at Appellant's criminal trial?]

Appellant's Brief at 2-3.

"We review a trial court's decision to grant a motion *in limine* for an abuse of discretion." **Commonwealth v. Ribot**, 169 A.3d 64, 67 (Pa. Super. 2017) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Commonwealth v. Johnson**, 107 A.3d 52, 68 (Pa. 2014) (citation omitted).

Herein, Appellant asserts that the trial court abused its discretion by granting the Commonwealth's motion *in limine* and permitting it to introduce evidence of his prior conviction for criminal trespass under Pa.R.E. 404(b). Specifically, Appellant contends that such evidence was inadmissible because "insufficient similarities exist[ed] between the two criminal episodes" and, as

---

trial court to enable Appellant to file a new Rule 1925(b) statement. On June 11, 2018, this Court remanded the case to the trial court and ordered Appellant to file a 1925(b) statement within 21 days. Superior Court Order, 6/11/18, at 1. Appellant timely complied. On November 11, 2018, this Court entered an order directing the trial court to issue a supplemental opinion pursuant to Pa.R.A.P. 1925(a). Superior Court Order, 11/1/18, at 1. The trial court issued an opinion on April 30, 2019.

such, "[t]here is no evidence of a common scheme or a logical connection between the two crimes." Appellant's Brief at 15. We disagree.

Previously, this Court set forth the law regarding the admission of prior bad acts as follows:

> Evidence of distinct crimes is not admissible against a defendant being prosecuted for another crime solely to show his bad character and his propensity for committing criminal acts. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character.
>
> These other purposes include[,] *inter alia*[,] (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the other; or (5) the identity of the person charged with the commission of the crime on trial.

***Commonwealth v. O'Brien***, 836 A.2d 966, 969 (Pa. Super. 2003). If, in a criminal case, the court finds that such evidence is admissible for non-propensity purposes, Rule 404(b)(2) requires that the "probative value of the evidence outweigh[] its potential for unfair prejudice." Pa.R.E. 404(b)(2).

In the present case, the trial court admitted the evidence of Appellant's prior conviction under the common scheme, plan or design exception. Trial Court Opinion, 4/30/19, at 4-5. As we have explained:

> When ruling upon the admissibility of evidence under the common plan exception, the trial court must first examine the details and surrounding circumstances of each criminal incident to assure that the evidence reveals criminal conduct which is distinctive and so nearly identical as to become the signature of the same perpetrator. Relevant to such a finding will be the habits or patterns of action or conduct undertaken by the perpetrator to

- 5 -

commit crime, as well as the time, place, and types of victims typically chosen by the perpetrator. Given this initial determination, the court is bound to engage in a careful balancing test to assure that the common plan evidence is not too remote in time to be probative. If the evidence reveals that the details of each criminal incident are nearly identical, the fact that the incidents are separated by a lapse of time will not likely prevent the offer of the evidence unless the time lapse is excessive.

\*\*\*

[Moreover, a]lthough remoteness in time is a factor to be considered in determining the probative value of other crimes evidence under the theory of common scheme, plan or design, the importance of the time period is inversely proportional to the similarity of the crimes in question.

***Commonwealth v. Tyson***, 119 A.3d 353, 358–359 (Pa. Super. 2015) (internal quotations and citations omitted).

We agree with the trial court's determination that the evidence of Appellant's prior conviction established a common plan, scheme, or design. Herein, both incidents occurred during the "early morning hours of the day" and within the "city and county of Philadelphia." N.T. Hearing, 1/9/15, at 7. In fact, the crimes took place within "six blocks of each other." ***Id.*** Additionally, in both cases, police recovered a screwdriver from Appellant's person during searches incident to his arrests. ***Id.*** at 6. Lastly, while the "crimes took place [seven] years apart," testimony at the hearing established that Appellant was incarcerated for most of this time. Trial Court Opinion, 4/30/19, at 5. Indeed, Appellant was released from prison on May 31, 2012, and within "approximately eight months and two weeks" of his release, he committed the present crime. N.T. Hearing, 1/9/15, at 3. As such, for the

aforementioned reasons, we conclude that the evidence of Appellant's prior

conviction was admissible to establish a common plan, scheme, or design.

Furthermore, we note that at trial, the judge gave the jury a cautionary

instruction as to the limited use of the evidence of Appellant's prior conviction.

In particular, the trial judge stated that

> [The jury has] heard evidence tending to prove that [Appellant] was guilty of an offense for which he is not on trial today. I am speaking of the testimony . . . regarding an incident on October 28, 2006[,] at 930 Pine Street[, Philadelphia, Pennsylvania]. This evidence is before you for a limited purpose of tending to show . . . [a] common plan or common scheme. This evidence must not be considered by you in any way other than for the purpose I just stated. You must not regard this evidence as showing that [Appellant] is a person of bad character or criminal tendencies from which you might be inclined to infer guilt.

N.T. Trial, 1/15/15, at 17-18. By providing such instruction, the trial court

limited the potential for prejudice to Appellant. Accordingly, we conclude that

the trial court did not abuse its discretion or commit an error of law.

Judgment of sentence affirmed. Prior counsel's petition to withdraw

granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/20

- 7 -